OPINION
{¶ 1} This appeal is taken from a final judgment of the Ashtabula County Court of Common Pleas, Juvenile Division. Appellant, Mary Smith, appeals from the juvenile court's judgment terminating her parental rights and granting permanent custody of her minor daughter, Nicole Smith, to appellee, Ashtabula County Children Services Board ("ACCSB").[1]
 {¶ 2} On August 8, 2001, ACCSB filed a motion with the juvenile court seeking permanent custody of Nicole.[2] A magistrate conducted a permanent custody hearing on March 14, 2002.[3] After considering the evidence, the magistrate issued a decision recommending that the juvenile court grant ACCSB permanent custody of Nicole. In doing so, the magistrate found that appellant had demonstrated a lack of commitment to the child, that she had "failed continuously and repeatedly to substantially remedy the conditions" that originally had caused Nicole to be placed outside the home, and that appellant's repeated incarceration prevented her from providing for Nicole's care. In light of these findings, the magistrate concluded that it would be in the child's best interest if ACCSB received permanent custody of Nicole.
 {¶ 3} Appellant filed objections to the magistrate's decision. In two separate judgment entries filed on October 10, 2002, the juvenile court overruled appellant's objections and adopted the magistrate's decision.
 {¶ 4} Following this, appellant filed a timely notice of appeal with this court. She now submits the following assignments of error for our consideration:
 {¶ 5} "[1.] Children Services failed to prove by clear and convincing evidence that the subject child could not be reunified with her mother, and the court therefore erred in awarding permanent custody of the subject child to Ashtabula County Children Services Board[.]
 {¶ 6} "[2.] The juvenile court erred by failing to relate conclusions of law to factual findings in its magistrate's decision."
 {¶ 7} We will address appellant's second assignment of error first, as it is dispositive of this appeal. Appellant essentially argues under her second assignment of error that the juvenile court erred in adopting the magistrate's decision because the magistrate failed to apply the relevant law to the specific facts of this case. As a result, appellant maintains that "[i]t is impossible to determine *** exactly what findings by the court constituted the legal basis for the award of permanent custody of the subject child to ACCSB."
 {¶ 8} R.C. 2151.414, which governs the termination of parental rights, establishes a two-pronged analysis that the juvenile court must apply when ruling on a motion for permanent custody. R.C. 2151.414(B) authorizes the juvenile court to grant permanent custody of the child to the public or private agency if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody to the agency, and that any of the following apply: (1) the child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents; (2) the child is abandoned; (3) the child is orphaned, and there are no relatives of the child who are able to take permanent custody; or (4) the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 9} Accordingly, if the juvenile court determines that a child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the juvenile court must consider all relevant evidence before making this determination. After doing so, the juvenile court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the conditions enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.
 {¶ 10} Assuming the juvenile court ascertains that one of the four circumstances listed in R.C. 2151.414(B)(1)(a) through (B)(1)(d) is present, then the court proceeds to an analysis of the child's best interest. In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates that the juvenile court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; (4) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency; and (5) whether any of the factor in R.C. 2151.414(E)(7) to (11) are applicable.
 {¶ 11} Here, the magistrate made the initial determination under R.C. 2151.414(B)(1) that although Nicole was neither abandoned nor orphaned she either could not be placed with appellant within a reasonable period of time or should not be placed with her. Specifically, the magistrate found, by clear and convincing evidence, that (1) appellant had demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with her when able to do so, (2) appellant had continuously and repeatedly failed to substantially remedy the conditions initially causing Nicole to be placed outside the family home, and (3) appellant had been repeatedly incarcerated, and the repeated incarceration prevented her from providing care for the child.
 {¶ 12} Having concluded that Nicole could not be placed with appellant within a reasonable period of time or could not be placed with her at all, the magistrate then proceeded to the second prong of the statutory analysis; i.e., whether terminating appellant's parental rights was in Nicole's best interests. Although the magistrate claimed that she fully considered R.C. 2151.414(D), a review of the magistrate's decision demonstrates otherwise.
 {¶ 13} As we noted earlier, when considering the best interest of the child, the juvenile court must consider all relevant factors including, but not limited to, those specified in R.C. 2151.414(D). This court has held on several occasions that the provisions of R.C. 2151.414(D) are mandatory and "must be scrupulously observed." In re Hommes (Dec. 6, 1996), 11th Dist. No. 96-A-0017, 1996 Ohio App. LEXIS 3859, at 4. See, also, In re Kelley, 11th Dist. No. 2002-A-0088, 2003-Ohio-194, at ¶ 24; In re Palladino (Oct. 18, 2002), 11th Dist. No. 2002-G-2445,2002-Ohio-5606, 2002 Ohio App. LEXIS 5613, at 12-13; In re Litz, 11th Dist. No. 2001-G-2367, 2001-Ohio-8903, 2001 WL 1402653, at 5; In reRanker (Oct. 6, 2000), 11th Dist. No. 99-P-0072, 2000 Ohio App. LEXIS 4662, at 21. "[T]he failure to discuss each of the factors set forth in R.C. 2151.414(D) when reaching a determination concerning the best interest of the child is prejudicial error." In re Jacobs (Aug. 25, 2000), 11th Dist. No. 99-G-2231, 2000 Ohio App. LEXIS 3859, at 13. There must be some indication in the record that the magistrate or juvenile court considered all five factors found in R.C. 2151.414(D) before making its decision. Id.
 {¶ 14} In proceeding with its best interest determination, the magistrate's decision listed the factors set forth in R.C. 2151.414(D)(1) through (5), and acknowledged that it was required to consider all of these factors. It is also apparent that the magistrate addressed R.C.2151.414(D)(3) by providing the custodial and procedural history of this case. However, the magistrate failed to fully discuss the remaining factors set forth in R.C. 2151.414(D)(1), (2), (4) and (5).
 {¶ 15} For example, the magistrate indicated that Nicole had had very limited contact, if any, with her siblings, and that there were no relatives interested in assuming custody of the child. Furthermore, the magistrate also noted that Nicole had lived in the same foster home since February 2001, and that she "is very bonded to the foster family." However, other than finding that appellant had not seen Nicole since February 2001, the magistrate failed to discuss Nicole's interaction and interrelationship with appellant prior to that time.
 {¶ 16} Insofar as the wishes of the child are concerned, Nicole is too young to express her own desires. As a result, the juvenile court appointed a guardian ad litem on Nicole's behalf. That being said, there is no discussion whatsoever in the magistrate's decision of the guardian ad litem's recommendation regarding the custody of the child. In fact, the magistrate only indicated that a guardian ad litem had been appointed, that she had filed a report with the court, and that she was present at the permanent custody hearing.
 {¶ 17} As for R.C. 2151.414(D)(4), the magistrate made no findings with respect to Nicole's need for a legally secure placement or whether that type of placement could be achieved without a grant of permanent custody to ACCSB. While it may be inferred that the magistrate believed that permanent placement could not be achieved without the grant of permanent custody to ACCSB, the magistrate never expressly stated this.
 {¶ 18} "In making its factual determinations in these types of decisions, the trial court must adequately explain its reasoning from which to permit appellate review." In re Ethington (July 23, 1999), 11th Dist. No. 98-T-0084, 1999 Ohio App. LEXIS 3419, at 7. Moreover, because the factors set forth in R.C. 2151.414(D) are all relevant to the question of whether a parent should be stripped of permanent custody every one needs to be given proper consideration. In re Alexander (Dec. 19, 1997), 11th Dist. No. 96-T-5510, 1997 Ohio App. LEXIS 5742, at 7. Therefore, a "juvenile court's judgment entry that discusses some — but not all — of the factors listed in R.C. 2151.414(D) must be reversed." (Emphasis added.) Hommes at 4, citing In re Brown
(1994), 98 Ohio App.3d 337, 343.
 {¶ 19} Based on the foregoing analysis, we hold that the trial court abused its discretion in adopting the magistrate's decision as the magistrate failed to fully and specifically discuss all five factors enumerated in R.C. 2151.414(D). Appellant's second assignment of error has merit.
 {¶ 20} Given our disposition of appellant's second assignment of error, it would be premature at this time for this court to address the merits of her first assignment of error in which she claims that the juvenile court erred in determining that she and Nicole could not be reunited. On remand, the trial court is instructed to clearly discuss in a judgment entry all of the factors set forth in R.C. 2151.414(D)(1) through (5). Our decision, however, should not be construed to express any view as to whether the juvenile court properly granted ACCSB permanent custody of the child.
 {¶ 21} The judgment of the juvenile court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
WILLIAM M. O'NEILL and DIANE V. GRENDELL, JJ., concur.
[1] Although appellant was married to Kevin Smith at the time Nicole was born, he denied being the child's father and did not take part in the permanent custody determination. In addition, he has not appealed the termination of his parental rights.
[2] Nicole had been in the temporary custody of ACCSB since February 21, 2001.
[3] At the time of the hearing, appellant was incarcerated at the Ohio Reformatory for Women in Marysville, Ohio. Her attorney, however, was present at the hearing and actively participated in the proceedings.